## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 13 2017, 7:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Joachim
Mann Law, P.C.
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: The Marriage of | June 13, 2017 |
| Wendi L. Lanford, | Court of Appeals Case No. 49A02-1702-DR-239 |
| *Appellant-Respondent/ Counter-Petitioner,* | Appeal from the Marion Superior Court |
| v. | The Honorable David J. Dreyer, Judge |
| Stuart D. Lanford, | The Honorable Patrick Murphy, Magistrate |
| *Appellee-Petitioner/ Counter-Respondent* | Trial Court Cause No. 49D10-1504-DR-12545 |

**Baker, Judge.**

Wendi and Stuart Lanford were married and, on April 16, 2015, Stuart filed a petition to dissolve the marriage. Following a final hearing, the trial court issued a final order and decree of dissolution on August 30, 2016. On September 29, 2016, Wendi and Stuart each filed a motion to correct error. Over three months later, on January 6, 2017, the trial court granted Stuart's motion to correct error. The order was signed only by a magistrate and not approved by a judge. Appealed Order p. 2. Wendi now appeals from that order.

Motions to correct error are governed by Indiana Trial Rule 53.3, which provides, in relevant part, as follows:

> In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error *shall* be deemed denied. Any appeal *shall* be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

Ind. Trial Rule 53.3(A) (emphases added). There are limited exceptions to this general rule, none of which are relevant to this case. *See* T.R. 53.3(B) (exceptions where party failed to serve the judge personally, parties stipulated that time limitation set forth in section (A) does not apply, or time limitation is extended by section (D)); T.R. 53.3(D) (trial court may extend time limitation up to thirty days by filing an entry in the chronological case summary before expiration of original time period).

[3] Here, the trial court did not rule on Stuart's motion within thirty days or set it for a hearing within forty-five days of the date it was filed. As such, the motion was deemed denied on November 14, 2016, and Stuart's thirty-day window to appeal that deemed denial lapsed on December 14, 2016. The trial court's order granting the motion was not issued until January 6, 2017; therefore, the order was belated.

[4] In this case, after Stuart's motion was deemed denied, he did not file a notice of appeal within thirty days of the deemed denial. As such, the trial court had no authority to rule on the motion months after it was filed, and the order is a nullity.[1]

[5] The judgment of the trial court is reversed.

Barnes, J., and Crone, J., concur.

---

[1] Additionally, we note that the order on the motion to correct error was signed only by a magistrate and not approved by a judge. *See* Ind. Code §§ 33-23-5-5 (listing powers of magistrates, which does not include entering a final order on a motion to correct error), -8 (magistrate may not enter a final appealable order unless sitting as a judge pro tempore or a special judge with limited exceptions), -9 (magistrate may enter final order in a criminal proceeding).